* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

mandate shall be stayed pending *Claiborne* and *Rita*.

Manuel **ALFEREZ–GONZALES,**
Petitioner,

v.

Alberto R. **GONZALES, Attorney**
**General, Respondent.**

Nos. 05–71410, 05–75424.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 4, 2006.*

Filed Dec. 20, 2006.

Manuel Alferez–Gonzales, Los Angeles, CA, pro se.

Alberto R. Gonzales, Attorney General, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, pro se.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, Mark L. Gross, Esq., San Francisco, CA, Sarah Canzoniero, Washington, DC, for Respondent.

Before: GOODWIN, LEAVY and FISHER, Circuit Judges.

R.App. P. 34(a)(2).

**613**

MEMORANDUM **

In these consolidated petitions, Manuel Alferez–Gonzales, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for cancellation of removal (05–71410) and the BIA's order denying his motion to reconsider (05–75424). To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We review de novo claims of due process violations in immigration proceedings. *See Castillo–Perez v. INS*, 212 F.3d 518, 522 (9th Cir.2000). We dismiss in part and deny in part the petitions for review.

We lack jurisdiction to review the agency's discretionary determination that Alferez–Gonzales failed to show exceptional and extremely unusual hardship. *See Martinez–Rosas v. Gonzales*, 424 F.3d 926, 929–30 (9th Cir.2005).

Alferez–Gonzales contends that he was denied due process during his immigration hearing due to the ineffective assistance of his former counsel. We reject this claim because, as the BIA noted, Alferez–Gonzales failed to comply with the requirements of *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988), and the alleged ineffective assistance of counsel is not plain on the face of the administrative record. *See Castillo–Perez v. INS*, 212 F.3d 518, 525–26 (9th Cir.2000).

In his opening brief, Alferez–Gonzales fails to address, and therefore has waived any challenge to, the BIA's August 18, 2005 decision denying his motion to reconsider. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir.1996) (holding

issues which are not specifically raised and argued in a party's opening brief are waived).

Alferez–Gonzalez's motion to file a late reply brief is granted. The Clerk shall file the reply brief received on September 26, 2006.

**In No. 05–71410, PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

**In No. 05–75424, PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

